# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-cv-01897-HEA |
| UNKNOWN COI, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $5.64. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff states: "Application to proceed in District Court without prepaying fees or cost[.] I'm at ERDCC [and] only get $5.00 dollars a month[.] MODOC don[']t do job[,] can[']t get copy of account[.]" The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his certified inmate account statement. (Docket No. 2). The account statement shows an average monthly deposit of $28.21. The Court will therefore assess an initial partial filing fee of $5.64, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[2] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri, many of which have been dismissed on initial review.

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, listing forty-one separate defendants.[3] Those defendants are: Unknown COI; Unknown COII; Unknown Sergeant; Unknown Lieutenant; Unknown Corporal; Unknown Captains; Unknown Functional Unit Manager; "Caseworks"; Unknown Caseworkers; CCA; Religious Services, ERDCC; Chaplain, ERDCC; Director, Religious Services; Assistant Director, Religious Services; Assistant Warden; Warden; Assistant Superintendent; Superintendent; P&P; Director, P&P; IPO, ERDCC; IPO Supervisor; Assistant Attorney General; Attorney General; Assistant Attorney General;[4] Lieutenant Governor; Governor; Unknown Senator #1; Unknown Senator #2;[5] House Representative, Missouri; Corizon Health Care; Corizon Health Care, ERDCC; Corizon Director; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon Superintendent; Corizon RNs, ERDCC; Corizon LPN, ERDCC; Nurse Unknown Ferguson; and Dr. Unknown Moody. (Docket No. 1 at 2). Defendants are sued in both an official and individual capacity. (Docket No. 1 at 1).

With regard to his "Statement of Claim," plaintiff explains that this action concerns his religious diet. (Docket No. 1 at 2). In particular, plaintiff claims to be part of the "Astru/Odinism/Catholicism/Pagneism [sic]" religion. Plaintiff does not indicate the type of diet his religion requires. However, he alleges that he has been asking for this diet since August 13, 2020, but that he has been getting denied. Plaintiff contends that this constitutes a violation of his rights under the First Amendment. As a result, plaintiff is seeking astronomical sums of money that totals many trillions of dollars.

---

[3] In the case caption, plaintiff refers to "40 Defendants Front Page." However, on the "front page," he has listed forty-one separate defendants from whom he wants monetary damages.
[4] Plaintiff twice lists "Assistant Attorney General" as a defendant, though he appears to be identifying two different people, as he seeks $230 trillion in damages from one, and $250 trillion in damages from the other.
[5] As with the "Assistant Attorney General," plaintiff lists "Senator" twice. As he is asking for different damage amounts from each, he appears to intend to list two separate individuals.

4

**Discussion**

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, naming forty-one separate defendants. Because plaintiff is proceeding in forma pauperis, the Court has reviewed plaintiff's complaint under 28 U.S.C. § 1915(e). Pursuant to that review, and for the reasons discussed below, this action must be dismissed without prejudice.

**A. Official Capacity Claims Against Corizon Employees**

Plaintiff has sued all defendants in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Ten of the listed defendants appear to be employed by Corizon Health Care, which is a private company contracted to provide medical services to inmates. As explained above, the official capacity claims against these defendants are treated as claims against Corizon itself, their employer.

A corporation such as Corizon, which is acting under color of state law, cannot be held liable on a respondeat superior theory. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).

Rather, to support such a claim, a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff has not presented any factual allegations showing that a Corizon policy, custom, or official action inflicted an injury or violated his constitutional rights. Indeed, Corizon does not appear at all in the "Statement of Claim." More to the point, plaintiff's complaint concerns the alleged denial of his religious diet, and does not implicate his healthcare whatsoever. Because plaintiff has not demonstrated Corizon's liability, plaintiff's official capacity claims against the Corizon employees must be dismissed.

### B. Official Capacity Claims Against State Employees

Aside from the ten Corizon employees, the remaining thirty-one defendants appear to be employed by the State of Missouri. As noted above, in an official capacity claim against an individual, the claim is actually against the governmental entity employing that person. *See White*, 865 F.3d at 1075. Thus, the official capacity claims against the State of Missouri employees are treated as claims against the State of Missouri itself. The claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

### i. State is Not a 42 U.S.C. § 1983 "Person"

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as explained above, the official capacity claims against the State of Missouri employees are treated as claims against the state itself. However, a state official acting in his or her official capacity is not a "person" under 42 U.S.C. § 1983. Because plaintiff is missing an essential element of a § 1983 action, the official capacity claims must be dismissed.

### ii. Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in

which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). "A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff's official capacity claims against state employees are treated as claims against the state itself. As noted above, however, the Eleventh Amendment bars a claim for money

damages against a state official acting in an official capacity. Furthermore, no exceptions to sovereign immunity are applicable to this action. Therefore, for this reason as well, plaintiff's official capacity claims against the State of Missouri employees must be dismissed.

### C. Individual Capacity Claims

Aside from his official capacity claims, plaintiff has also sued defendants in their individual capacities. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this case, plaintiff has made no attempt to connect any of the forty-one listed defendants to the alleged deprivation of his religious diet. Instead, plaintiff simply lists a name or a job title, and then notes the amount of money he wants from that individual, without providing any indication as to what that person did or did not do. Simply naming a person as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were

merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). Rather, plaintiff must show a defendant's direct responsibility for the deprivation of his rights. Because plaintiff has not done this, his individual capacity claims must be dismissed for failure to state a claim.

### D. Religious Diet Claim

Aside from failing to demonstrate the liability of the named defendants, plaintiff has not presented facts showing a First Amendment violation. Under the Free Exercise Clause of the First Amendment, a plaintiff must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (stating that "[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

Here, plaintiff alleges that he has been denied his religious diet since August 13, 2020, and that his "religion is Astru/Odinism/Catholicism/Pagneism [sic]." These facts are insufficient to demonstrate that a substantial burden has been placed on his ability to practice his religion. First, plaintiff has presented no facts showing that the denial of his religious diet inhibits or constrains some central tenet of his beliefs. Indeed, he has not indicated what his beliefs are, or how his

religious diet is related to those beliefs. Second, he has not established that the denial of his religious diet meaningfully curtails his ability to adhere to his faith. That is, he does not explain how or why a certain diet is important to his faith. Finally, plaintiff has not demonstrated that the denial of his religious diet deprived him of a reasonable opportunity to engage in activities fundamental to his religion. To the contrary, plaintiff relies on vague and conclusory assertions that provide no indication as to the contents of his religious diet, or why the diet amounts to a "fundamental" religious activity. For these reasons, plaintiff has not stated a First Amendment claim.

### E. Motion for Appointment of Counsel

In the body of the complaint, plaintiff moves for the appointment of counsel. The motion will be denied as moot as this case is being dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $5.64 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE